Antonio Bazuro, as Administrator, etc., of Rosa Bazuro, Deceased, Respondent, v. Solomon W. Johnson, as President of the American News Company, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.— Appeal from an order denying the defendant's motion to vacate an order of preference.—

PER CURIAM: For the reasons stated in the opinion in *Bazuro* v. *Johnson* (*ante*, 255), the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Present — Van Brunt, P. J., Ingraham, McLaughlin, Hatch and Laughlin, JJ.

Louis E. Kuster, Respondent, v. Press Publishing Company, Appellant.— Order affirmed, with ten dollars costs and disbursements.— Appeal by the defendant from an order of the Supreme Court, entered in the clerk's office of the county of New York on the 6th day of February, 1902, granting the plaintiff's motion for a preference herein.—

PER CURIAM: For the reasons assigned in the opinion of Mr. Justice Ingraham in the case of *Morse* v. *Press Publishing Co.* (*ante*, p. 351), the order appealed from, should be affirmed, with ten dollars costs and disbursements. Present — Van Brunt, P. J., Patterson, O'Brien and Laughlin, JJ.

Frederick Komp, Appellant, v. James I. Raymond, as President of A. A. Vantine & Company, Respondent. — Judgment and order affirmed, with costs, on the authority of 42 Appellate Division, 32. — Appeal from a judgment dismissing the complaint upon the merits and from an order denying a motion for a new trial. —

VAN BRUNT, P. J. (dissenting): I think that the former decision of the Appellate Division covers the questions raised on the present appeal, but as there was a dissent in the former case, in which I concurred, I now dissent. Present — Van Brunt, P. J. (dissenting), Patterson, O'Brien, McLaughlin and Laughlin, JJ.

James C. Truman, Respondent, v. G. Harry Lester, Defendant, and William B. Rice, Appellant. — Order affirmed, with ten dollars costs and disbursements. — Appeal from an order granting the plaintiff's motion for leave to serve an amended and supplemental summons and complaint.—

PATTERSON, J.: This is an appeal from an order granting leave to the plaintiff to make and serve an amended summons and a supplemental complaint and to bring in Frederick B. Rice as a defendant. In December, 1892, the present action was begun against Lester and William B. Rice, after another suit brought against Lester alone had been discontinued. Rice answered in March, 1893. The case was put upon the calendar for the first time in January, 1895. It was reserved generally in May, 1896; on June 29, 1896, an alleged settlement was had by the plaintiff executing a general release and delivering the same to the defendant William B. Rice, and at the same time the attorneys for the plaintiff delivered to William B. Rice a consent for a substitution of other attorneys in their place. The suit was not discontinued, but remained in *statu quo* until November, 1898, when the same attorneys for the plaintiff made a motion to restore the case to the calender, which, for some reason, was granted. On January 20, 1898, William B. Rice was permitted to make and serve a supplemental answer setting up the release. In March, 1899, an order of the court was made and entered ordering the plaintiff to reply to the supplemental answer of Rice, which was done. On April 25, 1899, the case came on for trial. The action was, in form, one at law. On the trial the defendant Rice moved to dismiss the complaint on the ground that if any cause of action existed, it was in equity. Thereupon the plaintiff withdrew a juror and the court granted leave to apply to the Special Term for permission to amend. That motion was made on the twenty-ninth of May, before Mr. Justice Beekman at Special Term. Justice Beekman decided the motion in favor of allowing the service of a supplemental summons and complaint, but died before an order was signed The motion was then transferred to Mr. Justice Bischoff and was heard upon affidavits. It seems to have been argued anew before Justice Bischoff, who handed down a decision granting the motion, and thereupon the order appealed from was entered. That order was properly made. Under *Deyo* v. *Morss* (144 N. Y. 216) the court had power to allow this amendment. The whole controversy seems to relate to real estate and the proceeds of sale of real estate. The first aspect of the action, apparently, was to recover damages for conveying away property for the purpose of defrauding the plaintiff. The amended complaint seeks to set aside conveyances and make the defendants account for the proceeds of sale, they having sold to innocent parties. The point raised by the defendants seems to be that the complaint has no merit, but that has been properly decided by the court below. The change in the form of action seems to have been necessitated by what was decided in *Hollister* v. *Simonson* (36 App. Div. 63), namely, that in joint adventures in real estate the remedy is in equity. It is also objected that the Statute of Limitations has run against the cause of action as set forth in the amended complaint, but that does not appear to be a fatal objection. (*Deane* v. *O'Brien*, 13 Abb. Pr. 11; *Eighmie* v. *Taylor*, 39 Hun, 366.) The affidavit of the attorney is sufficient in this case, because all of the facts are within his knowledge. The matters pertinent to the motion relate to procedure. The order must be affirmed, with ten dollars costs and disbursements. O'Brien and Laughlin, JJ., concurred; Van Brunt, P. J., dissented.